Matthew P. Minser, Esq. (SBN 296344)
Luz E. Mendoza, Esq. (SBN 303387)
SALTZMAN & JOHNSON LAW CORPORATION
1141 Harbor Bay Parkway, Suite 100
Alameda, California 94502
Telephone: (510) 906-4710
Email: mminser@sjlawcorp.com
Email: lmendoza@sjlawcorp.com

Attorneys for Plaintiffs, Operating Engineers'
Health And Welfare Trust Fund for Northern California, et al.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; DAN REDING and JAMES E. MURRAY, Trustees; | Case No. |
| | **COMPLAINT** |
| PENSION TRUST FUND FOR OPERATING ENGINEERS; DAN REDING and JAMES E. MURRAY, Trustees; | |
| PENSIONED OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND; DAN REDING and JAMES E. MURRAY, Trustees; | |
| OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS PRE-APPRENTICE, APPRENTICE AND JOURNEYMEN AFFIRMATIVE ACTION TRAINING FUND; DAN REDING and JAMES E. MURRAY, Trustees; and | |
| OPERATING ENGINEERS LOCAL UNION NO. 3 VACATION, HOLIDAY AND SICK PAY TRUST FUND; DAN REDING and JAMES E. MURRAY, Trustees, | |
| Plaintiffs, | |
| v. | |
| BAY AREA COMMERCIAL SWEEPING, INC., a California Corporation; STEPHANI SERRANO, an individual (aka STEPHANI SERRANO MEZA); BALDEMAR GOMEZ, individually and doing | |

1

**COMPLAINT**
**Case No.**

business as BAY AREA COMMERCIAL SWEEPING,

        Defendants.

## Parties

1. The Operating Engineers' Health and Welfare Trust Fund (which includes the Assistance and Recovery Program, Inc.) ("Health Fund"); Pension Trust Fund for Operating Engineers (which includes the Pension Plan for the Pension Trust Fund for Operating Engineers, and the Operating Engineers Annuity Plan, and the Rehabilitation Fund) ("Pension Fund"); Pensioned Operating Engineers' Health and Welfare Trust Fund (which includes an Administration Fund) ("Pensioned Health Fund"); Operating Engineers and Participating Employers Pre-apprentice, Apprentice and Journeymen Affirmative Action Training Fund ("Affirmative Action Training Fund"); and the Operating Engineers Local Union No. 3 Vacation, Holiday and Sick Pay Trust Fund (which includes an Administration Fund) ("Vacation Fund") are employee benefit plans as defined in the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C. § 1002(3), and are multi-employer plans as defined by ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A). Dan Reding and James E. Murray are Co-Chairmen of the Joint Boards of Trustees of the Health Fund, Pension Fund, Pensioned Health Fund, Affirmative Action Training Fund, and Vacation Fund, and have authority to act on behalf of all Trustees of those Funds. The Funds and their fiduciaries are together referred to herein as "ERISA Plaintiffs" or "Plaintiffs."

2. Bay Area Commercial Sweeping, Inc., a California corporation, Stephani Serrano, an individual (also known as Stephani Serrano Meza), and Baldemar Gomez, individually and doing business as Bay Area Commercial Sweeping (collectively, "Defendants") are employers by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2), 29 U.S.C. § 152(2).

## Jurisdiction

3. Jurisdiction exists in this Court over the claims asserted by ERISA Plaintiffs by virtue of ERISA § 502, 29 U.S.C. § 1132, in that ERISA Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA.

2

**COMPLAINT**
**Case No.**

4. Jurisdiction exists in this Court over all the claims by virtue of Labor Management Relations Act ("LMRA") § 301, 29 U.S.C. § 185, in that ERISA Plaintiffs seek to enforce the terms and conditions of a valid Collective Bargaining Agreement.

5. To the extent jurisdiction over any claim does not exist under ERISA or the LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that they arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

## Venue

6. Venue is conferred upon this Court by ERISA § 502, 29 U.S.C. § 1132. Where an action is brought under ERISA § 502 in a district court of the United States, it may be brought at Plaintiffs' discretion, in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found. ERISA Plaintiffs' Trust Funds are administered in this district at their principal place of business in Alameda, California. Thus, jurisdiction and venue are properly grounded with this Court.

7. Venue exists in this Court with respect to the claims under LMRA § 301(a), 29 U.S.C. § 185, as this Court has jurisdiction over the parties, as the Operating Engineers Local Union No. 3 of the International Union of Operating Engineers, AFL-CIO ("Union"), maintains its principal place of business in this district, its duly authorized officers or agents are engaged in representing employee members in this district, and the claims arise in this district.

## Intradistrict Assignment

8. The basis for assignment of this action to this Court's Oakland Division is that all of the events and omissions giving rise to Plaintiffs' claims occurred in the County of Alameda, where ERISA Plaintiffs' Funds and the Bargained Entities are administered, and where Defendants therefore failed to fulfill their statutory and contractual obligations to Plaintiffs.

## Bargaining Agreements

9. On or about April 21, 2014, Defendant Baldemar Gomez entered into the Independent

1  Northern California Construction Agreement (the "Independent Agreement") with the Union, which
2  incorporates the Master Agreement ("Master Agreement") between the Union and the Signatory
3  Associations. Defendant Baldemar Gomez listed the Individual Employer (Company Name) as "Bay
4  Area Commercial Sweeping." Plaintiffs are informed and believe that this entity was a sole
5  proprietorship, as California Secretary of State records indicate that Defendant Bay Area Commercial
6  Sweeping, Inc. was not registered until March 2018. In addition, paragraph 10 of the Independent
7  Agreement also provides that if the signing employer ("Bay Area Commercial Sweeping") sells or
8  transfers any or all of its assets, stock, and/or operations, the buyer or transferee ("Bay Area Commercial
9  Sweeping, Inc.") shall recognize the Union as the Employees' bargaining agent and will assume the
10 Independent Agreement. Paragraph 12 of the Independent Agreement states that the principal
11 shareholder(s) of Defendant Bay Area Commercial Sweeping, Inc. personally guarantee all amounts
12 claimed herein. Plaintiffs are informed and believe that Defendants Stephani Serrano and Baldemar
13 Gomez are the principal shareholders of Defendant Bay Area Commercial Sweeping, Inc.

14        10.    On or about June 2018, Defendant Stephani Serrano on behalf of Defendant Bay Area
15 Commercial Sweeping, Inc. also entered into the Sweeper Agreement ("Sweeper Agreement") with the
16 Union. The Independent Agreement, Master Agreement and Sweeper Agreement (collectively,
17 "Bargaining Agreements") which incorporate the terms of the Trust Agreements establishing the Trust
18 Funds ("Trust Agreements"), require Defendants to provide employer contributions to Plaintiffs' Trust
19 Funds, to the Union for union dues, and to the Bargained Entities more fully described in the Bargaining
20 Agreements. ERISA Plaintiffs are third-party beneficiaries of the Bargaining Agreements.

21        11.    Plaintiffs are informed and believe that Defendant Baldemar Gomez, individually and
22 doing business as Bay Area Commercial Sweeping, and Defendant Bay Area Commercial Sweeping,
23 Inc. do not maintain separate corporate identities and that Defendant Baldemar Gomez, individually and
24 doing business as Bay Area Commercial Sweeping, and Defendant Bay Area Commercial Sweeping,
25 Inc. are operating with the same ownership. Plaintiffs are further informed and believe that Defendant
26 Baldemar Gomez, individually and doing business as Bay Area Commercial Sweeping, and Defendant
27 Bay Area Commercial Sweeping, Inc. may also share the same location, employees, equipment, and
28

4

**COMPLAINT**
**Case No.**

customers. As such, Plaintiffs are informed and believe that Defendant Baldemar Gomez, individually and doing business as Bay Area Commercial Sweeping, and Defendant Bay Area Commercial Sweeping, Inc. are a single employer and/or are continuations or alter egos of one another.

12. Under the terms of the Bargaining Agreements, and Trust Agreements incorporated therein, Defendants are required to pay certain contributions to the Operating Engineers' Vacation, Holiday & Sick Pay Trust Fund; Contract Administration Fund; Job Placement Center and Market Area Committee Administration Market Preservation Fund; Construction Industry Force Account; Operating Engineers Industry Stabilization Trust Fund; Operating Engineers Annuity Fund; and Business Development Trust Fund (including the California Alliance for Jobs) (together referred to herein as "Bargained Entities") and dues to the Union. Plaintiffs' Boards of Trustees have been authorized to collect and distribute monies due to the Bargained Entities as well as dues due to the Union under the Bargaining Agreements and Trust Agreements.

13. Under the Bargaining Agreements and Trust Agreements, which are incorporated into the Bargaining Agreements and made binding on Defendants, Defendants are required to regularly pay to ERISA Plaintiffs, the Bargained Entities, and the Union, certain sums of money, the amounts of which are determined by the hours worked by Defendants' employees. Contributions are due on the fifteenth (15th) day of the month following the month in which hours were worked, and are considered delinquent if not received by the twenty-fifth (25th) day of that month. Defendants are also required, pursuant to the Bargaining and Trust Agreements, to pay liquidated damages in the amount of ten percent (10%) for each delinquent contribution, but in the amount of twenty percent (20%) for each delinquent contribution which is the subject of litigation. Moreover, the Bargaining and Trust Agreements provide that interest accrues on delinquent contributions at the rates reasonably set by the Trustees from the date they become delinquent, which is the twenty-sixth (26th) day of the month in which payment was due, until paid in full.

14. The Bargaining and Trust Agreements further require Defendants to maintain time records or time cards, and to permit an authorized Trust Fund representative to examine such records of Defendants as are necessary to determine whether Defendants have made full payment of all sums owed

to ERISA Plaintiffs. Should an audit of Defendants' records reveal Defendants have failed to provide full and prompt payment of all sums due to Plaintiffs, Defendants must reimburse Plaintiffs for the amounts due, including audit fees, in addition to any other obligations pursuant to the Bargaining and Trust Agreements.

## Factual Allegations

15. Defendants have failed and refused to pay amounts found due to Plaintiffs as a result of an audit of Defendants' payroll records for the period from April 21, 2014 through February 28, 2019. Liquidated damages and interest have been incurred and are owed to Plaintiffs for the unpaid contributions for that period.

16. Plaintiffs are also entitled to recover any and all other contributions, and all liquidated damages and interest on delinquent contributions not specified above, found due on timecards, audit, or otherwise, including estimated contributions for any months Defendants fail to report to Plaintiffs, through the time of Judgment. Plaintiffs reserve the right to conduct a further audit to determine whether there are any additional amounts due from Defendants.

## FIRST CAUSE OF ACTION
### For Audit Payment, Payment of Delinquent Contributions, Interest, Liquidated Damages, Attorneys' Fees and Costs Against Defendants

17. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 16, above.

18. Defendants have a contractual duty to timely pay the required contributions to Plaintiffs and the Bargained Entities, and to timely pay dues to the Union, pursuant to the Bargaining Agreements and Trust Agreements. Defendants also have a contractual duty under the Bargaining Agreements, and Trust Agreements incorporated therein to permit an audit of its records to determine whether they are making full and prompt payment of all sums required to be paid by it to Plaintiffs, and to pay Plaintiffs all amounts found due as a result of an audit, including audit fees.

19. In addition, Defendants have a statutory duty to timely make the required payments to Plaintiffs under ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

20. By failing to make the required payments to Plaintiffs, Defendants breached the Bargaining Agreements and Trust Agreements and are in violation of ERISA § 515, 29 U.S.C. § 1145,

and LMRA § 301(a).

21. Defendants' failure and refusal to pay the required contributions, including the amounts found by audit, plus liquidated damages and interest thereon and on late-paid contributions, was at all times, and still is, willful. Defendants continue to breach the Bargaining Agreements, and incorporated Trust Agreements by failing to pay all amounts owed as alleged. Said refusal is unjustified and done with knowledge and intent.

22. ERISA Plaintiffs are without an adequate remedy at law and will suffer continuing and irreparable injury, loss and damage unless Defendants are ordered specifically to perform all obligations required on Defendants' parts to be performed under ERISA, 29 U.S.C. §§ 1101-1381, the LMRA, 29 U.S.C. §§ 141-197, and the Bargaining Agreements and Trust Agreements, and are restrained from continuing to refuse to perform as required thereunder.

23. This Court is authorized to issue injunctive relief based on the traditional standard. As set forth above, ERISA Plaintiffs have a strong likelihood of success on the merits. There is the possibility that ERISA Plaintiffs' Trust Funds and their participants will suffer irreparable injuries. The balance of hardships and advancement of public interest favor ERISA Plaintiffs.

24. This Complaint does not in any manner relate to statutory withdrawal liability that may or may not be assessed against Defendants. ERISA Plaintiffs expressly reserve the right to pursue any such withdrawal liability claims against Defendants as provided by ERISA Plaintiffs' Plan Documents, Trust Agreements, and the law.

## Prayer

WHEREFORE, Plaintiffs pray as follows:

1. For a judgment against Defendants as follows:

(a) Any unpaid contributions, due at time of Judgment, including those specified above as well as any other contributions determined as due by audit, timecards, or otherwise, including estimated contributions for any months Defendants fail to report to Plaintiffs, pursuant to ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A);

i. To ERISA Plaintiffs and the Bargained Entities, in accordance with

7

**COMPLAINT**
**Case No.**

ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A) and the Bargaining Agreements;

    ii. To the Union in accordance with the Bargaining Agreements.

  (b) Liquidated damages on all late-paid and unpaid contributions in an amount provided for under the Bargaining and Trust Agreements, and with respect to ERISA Plaintiffs, ERISA § 502(g)(2)(c), 29 U.S.C. § 1132(g)(2)(c).

  (c) Interest on all late-paid and unpaid contributions at the rates set in accordance with the Bargaining Agreements, the Trust Agreements, and ERISA § 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B).

2. Plaintiffs' reasonable attorneys' fees and costs of this action, including any audit fees, in accordance with ERISA § 502(g)(2)(D) and (E), 29 U.S.C. § 1132(g)(2)(D) and (E); and in accordance with the Bargaining Agreements for all Bargained Entities; and with LMRA § 301, 29 U.S.C. § 185, for all Plaintiffs.

3. For an order,

  (a) requiring that Defendants comply with their obligations to Plaintiffs under the terms of the Bargaining Agreements and the Trust Agreements;

  (b) enjoining Defendants from violating the terms of those documents and of ERISA; and

  (c) enjoining Defendants from disposing of any assets until said terms have been complied with, and from continuation or operation of Defendants' business until said terms have been complied with.

4. That the Court retain jurisdiction of this case pending compliance with its orders.

5. For such other and further relief as the Court may deem just and proper.

DATED: July 23, 2020        SALTZMAN & JOHNSON LAW CORPORATION

              By: /S/Matthew P. Minser
                 Matthew P. Minser
                 Attorneys for Operating Engineers' Health And
                 Welfare Trust Fund for Northern California, et al.